THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, BAYAMÓN PART, AUGUSTO PALMER, JUDGE, Respondent; FERNANDO GALLARDO DÍAZ, Intervener.

No. C-65-36.    Decided June 1, 1965.

J. B. *Fernández Badillo,* Solicitor General, and *Manuel Tirado Viera,* Assistant Solicitor General, for petitioner. *Fernando Gallardo Díaz, pro se,* and *Edelmiro Martínez Rivera* for intervener.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The intervener, an attorney at law, was convicted of contempt presumably committed in the presence of the magistrate who sentenced him. The order entered[1] by the District Judge right after the incident which gave rise to the sentence, states the following:

"WHEREAS: today the above-mentioned defendant, in the presence of this Court observed the behavior indicated below, which behavior this Judge Certifies he Saw and Heard.
Disdainful and insolent conduct toward the court in saying in a loud voice; 'We are in a civilized country and I assume that you are,' addressing the Judge, while in session.

[1] Rule 242 (a) of the Rules of Criminal Procedure of 1963 provides:
"Summary proceeding. Criminal contempt may be punished in a summary way, provided, that the judge certifies that he saw or heard the behavior constituting contempt, and that it was committed in the presence of the court. The order convicting of contempt shall set forth the facts and be signed by the judge, and record thereof shall be kept in the minutes of the court."

"WHEREAS: such behavior, in the opinion of this Court, constitutes contempt;

"THEREFORE: the Court finds defendant, Fernando Gallardo Díaz, guilty of Criminal Contempt by virtue of the provisions of Rule 242(a) of the Rules of Criminal Procedure and sentences him to pay a $10 fine without costs or in effect [*sic*] to serve 10 days in jail and it is ordered that said defendant be taken without delay in the custody of the corresponding official and detained by him until the sentence is served."

Upon hearing the sentence the attorney said "I appeal." The judge believed that such an expression stated on that occasion constituted contempt. He entered the order copied below:

"WHEREAS: today the above-mentioned defendant, in the presence of this Court observed the behavior indicated below, which behavior this Judge Certifies he Saw and Heard.

After being sentenced for contempt he answered at the top of his lungs, interrupting the Court, 'I APPEAL.'

"WHEREAS: such behavior, in the opinion of this Court, constitutes contempt;

"THEREFORE: the Court finds defendant, Fernando Gallardo Díaz, guilty of Criminal Contempt by virtue of the provisions of Rule 242(a) of the Rules of Criminal Procedure and sentences him to pay a $10 fine w/c or in default thereof to serve 10 days in jail, and it is ordered that said defendant be taken without delay in the custody of the corresponding official and detained by him until the sentence is served.

"Issued in open court, Bayamón, P.R., October 8, 1964."

The facts occurred on October 8, last year. On the following December 4, the judge prepared a "Statement of Facts," as if it were an ordinary case wherein judgment has been rendered and the aggrieved party appeals. The document prepared two months after the incident states:

"In the morning of October 8 of the current year and while the undersigned presided the courtroom duly constituted in open court, criminal case number T-64-5421, *People of Puerto Rico* v.

*Eladino Alicea,* for an alleged violation of § 5-201 of the Vehicle and Traffic Law of Puerto Rico, was called. The defendant and his counsel, Mr. Fernando Gallardo Díaz, appeared, but not the prejudiced witnesses. The court continued the case for November 10, 1964 and ordered the arrest for contempt of the absent witnesses. Immediately Mr. Gallardo Díaz, in a violent manner and out loud said to the Court, I quote: 'That is illegal and incorrect and it is an abuse to order the arrest of these persons because they have not been summoned.' The court indicated to the lawyer that these persons had been summoned pursuant to Rule 8(c) and that they would have their day in court. Mr. Gallardo Díaz said to the court that around the beginning of last August he called the presumptive prejudiced party at his office and prepared a motion to dismiss for 'lack of interest' and that the motion had been denied by 'some animal' without a hearing.

"Seeing that the courtroom was jammed with the public and to avoid a greater incident, I overlooked this expression. Mr. Gallardo Díaz stated that he had been summoned as witness and that . . . 'I do not tolerate that'; 'I am a lawyer'; 'this is the doings of the Secretary'; 'It is the duty of you judges to instruct the employees so that they will not put their foot into it' 'I don't like that'; 'I am still a judge.' Likewise he stated that he had instructed the witnesses not to appear because 'I am going to prepare another motion.'

"Inasmuch as the witnesses were induced by defendant's counsel not to appear the court ordered the police to send a patrol to look for absent witnesses to hear the case in a later session. Mr. Gallardo Díaz, in a violent and impolite manner answered that 'we are in a civilized country and I assume that you are.'

"At this precise moment I struck hard with the gavel and I called the attention of the lawyer, finding him guilty of contempt and sentenced him to pay a $10 fine, without costs, or, in default thereof, to serve 10 days in jail. Mr. Gallardo Díaz answered 'I appeal,' at the top of his voice and I proceeded to punish him again for contempt and imposed the same previous penalty. Again he answered back, 'I also appeal' in a more violent manner. Immediately I ordered the marshal of the courtroom and a policeman to take him out of the room because it was impossible to continue working. The court adjourned. Mr. Gallardo filed two notices of appeal, and it should be noted that

under his signature he adds the word 'judge.' At the request of Mr. Julio Mejías Santana, the defendant was released under his custody.

"This incident was not recorded because the case against Mr. Eladino Alicea Aponte had not commenced and the incident took place after the case had been continued.

"Issued on December 4, 1964."

The hearing of the case having been set in the Superior Court, appellant objected to the former statement of facts alleging that it does not show what happened. He asserted his right to present evidence to show what, in his opinion, actually happened. The prosecuting attorney objected. He alleged that in cases of contempt committed in the presence of the court, the report made by the judge is final and that therefore it is not necessary to hear any evidence at all. The judge rendered judgment in favor of appellant. We decided to review his action.

It is unnecessary to decide the question which gave rise to the issuance of the writ. After examining the orders entered by the court upon finding intervener guilty, we find that they do not comply with the requirements of law. Let us see.

In *Coll Moya* v. *Warden, Municipal Jail*, 89 P.R.R. 221 (1963), we cited the provision of the Act of March 1, 1902 (33 L.P.R.A. § 519) to the effect that "whenever a person is fined or committed to jail for a contempt of court or of the Industrial Commission, an order or warrant for such fine or imprisonment must be signed by the judge or commissioner delivering such sentence, setting forth the act or acts constituting such contempt, with the time and place of the commission thereof, and the circumstances, and specifying the sentence of the court; otherwise such sentence will be wholly invalid and inoperative." And we cited from *Chula* v. *Superior Court*, 368 P.2d 107 (1962) in the sense that the ". . . facts must be stated with sufficient particularity

to show, without the aid of speculation, that a contempt actually occurred."

The law requires that this must be set forth in the order of commitment. In *Coll Moya* we set forth the reason for the requirement and cited for those purposes from the Annotation which appears in 154 A.L.R. 1227 (1945) the following:

"It has been held, in the overwhelming majority of jurisdictions, that an order or judgment of direct contempt must contain a statement of the facts upon which the decision is based, the purpose of this requirement being to enable the appellate court to determine, by an inspection of the record, whether a contempt has in fact been committed and whether the court had jurisdiction to punish it."

■■ The circumstances which gave rise to the expressions which, it is alleged, constitute contempt were not set forth in the orders or warrants issued on October 8. It was merely stated that in the first one the attorney had stated in a loud voice, addressing the judge, "we are in a civilized country and I assume that you are," and in the second, upon being sentenced for contempt he answered at the top of his voice interrupting the court "I appeal." It is in the statement of facts prepared by the judge two months after the incident which gave rise to the sentences had occurred, that a detailed statement is made of the acts assumingly constituting contempt as well as of the circumstances thereof. A comparison of the orders and the statement of facts properly shows what has been asserted. The law requires that "the act or acts constituting such contempt, with the time and place of the commission thereof, and the circumstances" should be set forth in the warrant for imprisonment issued right after the incident. A document prepared two months after the incident cannot certainly cure the defects of the original warrant. To that effect it should be recalled that the law provides that if this requirement is not complied with

the "sentence will be wholly invalid and inoperative." And it is a procedure of strict compliance, since a person is punished summarily, without the protection of law which accompanies every accused in ordinary cases. It is the only protection one has in this proceeding, so that a superior court may determine "whether a contempt has in fact been committed and whether the court had jurisdiction to punish it."

In view of the conclusion we have reached, the writ issued will be quashed, and the case will be remanded to the Superior Court, Bayamón Part with instructions to reverse the judgment of conviction entered by the District Court and to acquit appellant therein.

Mr. Acting Chief Justice Pérez Pimentel did not participate.